Johnson C. J., delivered the opinion of the court. The question to be decided in this case is, whether the defendant is liable in the capacity of administrator, for the claim presented by the plaintiffs. The 80th sec. of chapt. 4 of the Revised Statutes, provides that “all demands against the estate of any deceased person shall be divided into the following classes : first, funeral expenses ; second, expenses of the last sickness, wages of servants and demands for medicine and medical attendance during the last sickness; third, judgments rendered against the deceased in his life time and which are liens on the lands of the deceased, if he died possessed of any, otherwise to be regarded as debts due by contract ; fourth, all demands without regard to quality, which shall be exhibited to the executor or administrator properly authenticated within one year after the first granting of letters on the estate; fifth, all such demands as may be exhibited as aforesaid after the end of one year and' within two years after the first letters granted on the estate; and all demands not exhibited to the executor or administrator as required by this act before the end of two years from the granting of the letters shall be forever barred.” The same act also requires that all demands against any- estate, shall be paid by the executor or administrator in the order in which they are classed, and that no demand of one class shall be paid until the claims of all previous classes are satisfied; and if there be not sufficient to pay the whole of any one class, such demands shall be paid in proportion to their amounts, which apportionment shall be made by the probate court. It is not even pretended that this is a debt contracted by the defendant’s intestate in his life time, nor is it demanded as a part of the expenses of administration; but on the contrary, it is admitted and agreed by both parties to be for the expenses of his infant children incurred since his death. How would the allowance of claims of this character affect the administration of the estate? We think it manifest that it would not only disturb the course of administration as chalked out by the statute, but that it would in many instances defeat the very object of the law. An administrator is a mere trustee appointed by the law, whose duty it is to take into his custody all the moneys, credits and effects of the deceased and subject the same to the payment of his debts, subsisting at the time of his death, together with the expenses of administration; and when this is effected to cause a dividend to be struck between such persons as shall be entitled to a distributive share of the estate. It is the obvious intent and policy of the law that when a party departs this life his affairs shall immediately be put into liquidation, and that all his debts, subsisting at the time of his death, shall be paid in the order therein specified. The law is well settled that minors are liable for necessaries, but this liability only extends to such articles as are suitable to their condition, and that condition in the case of orphans can never be ascertained until the administration shall be finally closed, and a dividend struck upon the estate. Under this view of the law we are clear that a receipt of the plaintiffs for the amount claimed, would not avail the defendant as a voucher against the estate or the creditor thereof. We are therefore of opinion that there is no error in the judgment of the circuit court of Crawford county in rejecting and disallowing the plaintiffs’ claim. Judgment affirmed.